Mr. John W. Hall, Jr. Attorney at Law 523 West Third Street Little Rock, AR 72201-2228
Dear Mr. Hall:
I am writing with regard to your submission of a proposed constitutional amendment for my evaluation under A.C.A. § 7-9-107 (Repl. 2000). The Attorney General is required, pursuant to § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. Section 7-9-107 requires sponsors to submit the original draft to my office, together with a proposed ballot title and popular name, before the petition may be circulated for signatures. The law provides further that I may substitute and certify a more suitable and correct popular name and ballot title, if I can do so; or if the ballot title or the nature of the issue is presented in such manner that the ballot title would be misleading, I am authorized to reject the entire petition. Id.
Because your submission did not include a ballot title and popular name as required by § 7-9-107, my office contacted you to bring the omission to your attention and to inform you that it would be necessary to specifically submit a proposed popular name and ballot title.[1] It is my understanding, following that conversation, that it is your intent to use what appears to be introductory language to the amendment as the ballot title, and that the proposed popular name is "The Compassionate Use of Medical Marijuana Amendment." Accordingly, your proposed popular name and ballot title are as follows:
Popular Name
THE COMPASSIONATE USE OF MEDICAL MARIJUANA AMENDMENT
Ballot Title
 (A)IT IS THE POLICY OF THE STATE OF ARKANSAS TO PROTECT AND PROMOTE THE USE OF MEDICAL MARIJUANA IN ARKANSAS TO ENHANCE THE QUALITY OF WHATEVER IS LEFT OF THE LIVES OF SERIOUSLY ILL ARKANSANS, WHEN OTHER TREATMENT AND MEDICATION HAVE FAILED TO RELIEVE THEIR SUFFERING OR IMPROVE THE QUALITY OF THEIR LIVES;
 (B) PRESCRIPTION, GROWING, CULTIVATING, POSSESSION, AND USE OF MARIJUANA FOR PURELY MEDICAL PURPOSES IS A CONSTITUTIONAL RIGHT IN ARKANSAS AND SHALL NOT BE A VIOLATION OF THE LAW;
 (C) THE GENERAL ASSEMBLY SHALL DETERMINE THE SCOPE AND METHOD OF REGULATION OF THE MEDICAL USE OF MARIJUANA AND DELEGATE TO THE STATE HEALTH DEPARTMENT TO IMPLEMENT IT BY REGULATION;
 (D) IF THE GENERAL ASSEMBLY FAILS TO ACT TO PROVIDE FOR MEDICAL USE OF MARIJUANA BY LEGISLATION, SECTION 2 OF THIS AMENDMENT SHALL BE SELF-EFFECTUATING AND POSSESSION OF UP TO FIVE OUNCES OF MARIJUANA FOR PERSONAL USE AND CULTIVATION AND PROCESSING OF UP TO FIVE PLANTS AND SHALL NOT BE A CRIME.
It is my conclusion that this proposed name and title fail to meet guidelines that have been established by the Arkansas Supreme Court for determining whether a popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of a proposed act or amendment. See generally Arkansas Women's Political Caucus v. Riviere, 282 Ark. 463 [283 Ark. 463], 466, 677 S.W.2d 846 (1984). They are therefore hereby rejected.
First, with regard to the popular name, it is my opinion that the term "compassionate" gives partisan coloring to the proposal and would be a clear basis for the court to reject your proposed name. The court has stated that while the popular name need not contain detailed information or include exceptions that might be required of a ballot title, it must not be misleading or give partisan coloring to the merit of a proposal.Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958).
I cannot, however, at this time, substitute a more suitable popular name due to deficiencies in the ballot title. With regard to the ballot title, it is my opinion that the title you have submitted fails to adequately summarize your proposed amendment to the voter in an impartial manner. According to our court, the ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416,417, 316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. Additionally, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic ActionCommittee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
The ballot title in this instance fails, in my opinion, to meet these guidelines. As noted above, and in accordance with your verbal directions, the title is taken from the four paragraphs that follow "BE IT ENACTED BY THE PEOPLE OF THE STATE OF ARKANSAS." This enacting clause is not necessary for your proposed constitutional amendment (see U.S.Term Limits, Inc. v. Hill, 316 Ark. 251, 872 S.W.2d 349 (1994)), and I am therefore somewhat uncertain whether these paragraphs are a preamble, or a part of the text of the measure. See Plugge v. McCuen, 310 Ark. 654,841 S.W.2d 139 (1992) (noting that a preamble is not a part of the text of a proposed amendment). In any event, it is my opinion that the language in this instance does not sufficiently convey the substance of your proposed measure to the electorate. It is my conclusion that the ballot title must be redesigned to include essential facts, and not simply the summary statements that appear in these paragraphs. I am unable to substitute language, however, due to several ambiguities in the text of the measure. I refer to the following:
• Paragraph (A) states that it is the policy of the State to "protect and promote" the use of medical marijuana. There is no reference or indication elsewhere in the text with respect to the State's policy to "promote" this use of marijuana. This leads to uncertainty as to the meaning of the term in this context, and in my view this should be clarified for proper reflection in the ballot title.
 • Section 3 provides that regulation shall include privacy protection, subject to "the ability of those in the criminal justice system to verify that a specific person . . . has a right to possess. . . ." There is no further reference to any process or procedure for this verification. If this is intended to be included within the authority of the General Assembly and the Health Department to set "standards," (see Section 2(c)), this should be clarified.
It is my opinion, additionally, that the summary paragraphs that comprise the ballot title may be misleading and partisan. In particular, it is my opinion that the court will likely view the statement regarding the State's policy to "enhance the quality of . . . lives" as lending partisan coloring to the proposal. See, e.g., Plugge, supra (holding that verbiage in a preamble should not have been in the ballot title).
The misleading tendency, in my opinion, lies in the statement that the use of medical marijuana is a "constitutional right in Arkansas." It is my opinion that this summary statement does not give the voter a fair understanding of the issues presented. Ambiguity in the text prevents me, however, from substituting any language in this regard. Specifically, the text cross-references various federal and state constitutional provisions to establish that the medical use of marijuana is constitutionally protected, and the intent of this language is unclear and potentially misleading. I am uncertain, initially, whether the intent is to acknowledge a right that already exists under our constitution, apart from this proposed amendment (see Section 1(b)). In my opinion, this would be viewed as an essential fact for the voter. Additionally, I believe it may be misleading to suggest that federal constitutional law will necessarily recognize the rights identified in the proposed measure with respect to the medical use of marijuana. It is ultimately up to the courts to make these determinations regarding theFirst and Ninth Amendments to the U.S. Constitution. In short, simply stating in the ballot title that the medical use of marijuana is "a constitutional right in Arkansas" does not adequately convey to the voter what will be accomplished by the proposed amendment.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law.See, e.g., Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34 [798 S.W.2d 34] (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and the title and name.See A.C.A. § 7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
Mike Beebe ATTORNEY GENERAL
MB:EAW/cyh
[1] The Arkansas Supreme Court has held that "[t]he name and ballot title should be called to the Attorney General's attention specifically so that he may act in accordance with the statute." Washburn v. Hall,225 Ark. 868, 874, 286, S.W.2d 494 (1956).